**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**AN UNNAMED ATTORNEY,**
Respondent.

**No. 2006–SC–000243–KB.**

Supreme Court of Kentucky.

May 18, 2006.

---

**OPINION AND ORDER**

Respondent, pursuant to SCR 3.480(2), moves this Court to enter an Order privately reprimanding him in the above captioned disciplinary proceeding. The Kentucky Bar Association (KBA) has raised no objection to this motion; however, it asks that we publish this private reprimand as "An Unnamed Attorney Opinion" so that members of the bar may be informed as to the limitations upon the use of suspended attorneys in their law practice.

The Inquiry Commission issued a Charge against Respondent containing one Count. The Charge concerned Respondent's employment of a suspended attorney to assist in specific litigation. On or about February 8, 2004, Respondent attended a meeting of current and former employees of a company in Versailles. The purpose of the meeting was to determine whether the employees had any legal remedies for the involuntary conversion of their pension plans. Prior to this meeting, Respondent had discussions with the spokespersons for the group, and he had undertaken the task of investigating the mechanics of their pension conversion and the remedies available to them.

The meeting of February 8, 2004 was attended by Respondent and a person employed by Respondent. The person with Respondent was an attorney who was at that time suspended from the practice of law. He had been suspended on December 18, 2003, pursuant to SCR 3.165(1)(a), (b), and (d). Later on January 16, 2004, he was suspended again by order of this Court for failure to pay bar dues and failure to comply with continuing legal education requirements. Respondent employed the suspended attorney on an independent contractor basis, and paid him an hourly rate of $50.00. The suspended attorney did not have an office in Respondent's law office, nor did he have unlimited access to the client files of Respondent.

At the aforementioned employees meeting, Respondent introduced the suspended attorney to the group and said that he was not practicing law due to "health reasons and for other reasons that we need not go into today." Neither Respondent nor the suspended attorney told the group of employees that he was suspended. At this meeting, Respondent allowed the suspended attorney to make a presentation concerning certain issues relating to the conversion of the pension plans. The suspended attorney also answered questions regarding the nature of the cash balance pension plans in relation to other forms of pension plans, and the applicability of the statute of limitations.

Three days later, on February 11, 2004, the KBA sent a letter to Respondent questioning the presence of the suspended attorney at the February 8, 2004, meeting. Thereafter, Respondent requested an Ethics Opinion from the KBA Ethics Hotline pursuant to SCR 3.530. That Ethics Opinion set out the nature of the services which the suspended attorney would be able to provide as a suspended attorney. The Ethics Hotline Opinion also expressed the need for Respondent to avoid any misunderstanding with his clients as to the proper and limited roles of the suspended attorney.

■ SCR 3.130–5.5(b) provides that a lawyer shall not "assist a person that is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law." Respondent violated SCR 3.130–5.5(b) when he allowed a suspended attorney to make a presentation at the employees meeting. Additionally, Respondent violated the aforementioned rule when he allowed the suspended attorney to answer questions regarding the nature of the cash balance pension plans in relation to other forms of pension plans and the applicability of the statute of limitations. Respondent's incomplete, possibly deceptive, information to the meeting attendees that the suspended attorney had a legitimate role, but that he was unable to practice law was ineffectual to conform to the rules.

■ While we agree that this was a violation of SCR 3.130–5.5(b) and properly punishable by a private reprimand, we have concealed the identity of the parties involved so that the public and members of the bar may learn from Respondent's mistakes. This case illustrates the caution lawyers must observe to avoid facilitating evasion of our rules.

Upon the Respondent's Motion and his admission of guilt, there being no objection from the KBA, it is ordered that:

1. Respondent is hereby privately reprimanded for a violation of SCR 3.130–5.5(b).

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $42.13, for which execution

may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: May 18, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE